# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | **CRIM. NO. JKB-11-0426** |
| GARY THENOR CROMARTIE, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

On March 23, 2021, Defendant Gary Cromartie moved for appointment of counsel to help him "file an affidavit of truth[.]" (ECF No. 522.) Because Cromartie did not identify any substantive motion with which he sought assistance from counsel, this Court denied Cromartie's motion without prejudice to his submission of a motion articulating the specific grounds for his request for appointment of counsel. (ECF No. 523.) On April 13, 2021, Cromartie filed another Motion to Appoint Counsel, specifying that he "seeks counsel to assist him with drafting and submitting a motion for compassionate release and accompanying release plan." (ECF No. 524 at 1.) No hearing is necessary. *See* Local Rules 105.6, 207 (D. Md. 2018). For the reasons set forth below, Cromartie's motion will be DENIED without prejudice.

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction" and such relief is permitted "by the factors set forth in section 3553(a) to the extent that they are applicable." This authority empowers the Court to reduce the sentence of an incarcerated individual who proves that documented medical conditions place him or her at a substantially heightened risk of suffering death or severe illness from COVID-19. *See, e.g., United States v. Richardson*, Crim. No. JKB-

1

09-0288, 2020 WL 3267989, at *2 (D. Md. June 17, 2020). However, a defendant may move for a sentence reduction under § 3582(c)(1)(A) only after he or she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

As this Court previously noted (*see* ECF No. 522), the Supreme Court has held that inmates do not have "a right" to be assigned "counsel on discretionary appeals." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). In other words, "the right to appointed counsel extends to the first appeal of right, and no further." *Id.* at 555. Cromartie has already been appointed counsel in appealing his conviction in this case. (*See* ECF Nos. 319, 361.) Additionally, the Fourth Circuit has held that a criminal defendant does not have a right to counsel when, as here, he or she seeks to file a § 3582 motion for reduction in sentence. *See United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000).

Although Cromartie is not currently entitled to counsel as of right, this Court has discretion to appoint counsel for Cromartie. However, the Court will not do so at this point because Cromartie has not provided any information showing that, regardless of whether he has counsel, his particular circumstances may entitle him to compassionate release. In Cromartie's present motion, he does not allege that he can satisfy the preliminary requirements for compassionate release, which are: (1) exhausting his administrative remedies by requesting early release from the warden of his facility, and (2) establishing extraordinary and compelling reasons for his release. On May 18, 2021, noting that Cromartie has not even shown that he exhausted his administrative remedies, the Office of the Federal Public Defender decided that it "will not be filing a motion for compassionate release on Mr. Cromartie's behalf or asking for appointment of

counsel in this matter." (ECF No. 528.) This Court similarly finds that Cromartie has not provided enough information to justify appointing him counsel to represent him in seeking compassionate release.

Cromartie may file another motion for appointment of counsel and/or motion for compassionate release, in which he attaches records showing that he requested early release from the warden of his facility. Cromartie must also establish extraordinary and compelling reasons for compassionate release by attaching medical records showing that his medical conditions sufficiently differentiate him from the thousands of similarly situated incarcerated individuals to constitute an extraordinary and compelling reason for judicial relief. *See United States v. Taylor*, Crim. No. ELH-13-269, 2020 WL 3447761, at *6 (D. Md. June 23, 2020) ("Fear of contracting the novel coronavirus while incarcerated is not sufficient reason for granting compassionate release[.]") Finally, if Cromartie files a motion for compassionate release, he should explain why the six factors set forth in 18 U.S.C. § 3553(a)[1] entitle him to compassionate release or a reduction in sentence.

The Court acknowledges the very real danger posed by the COVID-19 pandemic and Cromartie's legitimate concerns about his living situation. However, this Court cannot simply assign counsel to every defendant who may be concerned about the pandemic, and Cromartie has not alleged that his circumstances place him at a substantially heightened risk of suffering severe illness from COVID-19 compared to his fellow inmates. Accordingly, Cromartie's Motion to Appoint Counsel (ECF No. 524) is DENIED without prejudice.

---

[1] The six factors outlined in § 3553(a) are: "(1) [Defendant's] personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants." *United States v. Bryant*, Crim. No. CCB-95-202-3, 2020 WL 2085471, at *4 (D. Md. Apr. 30, 2020).

DATED this 20 day of May, 2021.

BY THE COURT:

/s/ James K. Bredar

James K. Bredar
Chief Judge